```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SARATOGA BLACK LIVES MATTER, INC.;
ALEXUS BROWN;
MOLLY B. DUNN;
GABRIELLE C. ELLIOT;
ALEXIS A. FIGUEREO;
MARCUS FILIEN;
CHANDLER M. HICKENBOTTOM;
SAMIRA K. SANGARE;
TIEMOGO J. SANGARE;

                            Plaintiffs,
     -against-
THE CITY OF SARATOGA SPRINGS; et al.,

                            Defendants.
-----------------------------------------------------------------------X
```

# EXHIBIT B TO COMPLAINT

## NYS Office of the Attorney General
## June 13, 2024 Letter to Attorneys for
## Defendant City of Saratoga Springs

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

June 13, 2024

**VIA ELECTRONIC MAIL**

Dave Harper
City Attorney
Tony Izzo
Assistant City Attorney
City of Saratoga Springs
474 Broadway, Ste. 21
Saratoga Springs, NY 12866
dave.harper@saratoga-springs.org
tony.izzo@saratoga-springs.org

Re: Saratoga Springs Police Department

Dear Counsel:

The New York State Office of the Attorney General (OAG) offers the attached draft assurance of discontinuance (AOD) as an offer of compromise to resolve the OAG's constitutional claims against the City of Saratoga Springs. On February 21, 2024, the OAG published a report detailing evidence of the City of Saratoga Springs's official policy of retaliatory arrests against protesters in violation of their First Amendment rights. Based on that evidence, the OAG concluded that it could prevail in a civil rights lawsuit against the City of Saratoga Springs. In our previous meetings, you have indicated City's willingness to resolve this matter by agreeing to an AOD.

The attached AOD details precisely what changes the OAG requires in resolve this matter. The AOD requires both policy changes to and reporting on the Saratoga Springs Police Department's (SSPD) response to First Amendment-protected activity such as protests. The AOD would restrict the City of Saratoga Springs, the SSPD, and those acting in concert with them, from seeking criminal charges for most non-violent violations of law.

The OAG has reviewed troubling reports that, in May 2024, the SSPD issued desk appearance tickets to a protest organizer in connection with two non-violent protests. Those

tickets allege violations of Saratoga Springs ordinances that purportedly require individuals to give notice to the City before engaging in First Amendment-protected activity. Given the findings of the OAG's report, which described retaliatory arrests against the same individual, the OAG is concerned that the City of Saratoga Springs has resumed its unconstitutional retaliation against protesters. The proposed AOD would prohibit the SSPD from seeking criminal penalties against protesters in such circumstances—where there was no reported violence or significant property damage.

Preventing further retaliation against protesters must be the starting point of any AOD. To better understand why the SSPD issued the May 2024 citations, the OAG requests that you provide our office with the documents identified in the appendix to this letter. If there any other documents or information you wish to provide the OAG, please produce those as well. We ask for your cooperation by providing those documents by **July 8, 2024.**

We look forward to discussing the proposed AOD. We ask that you present the proposal to your clients and respond substantively to our proposal no later than **July 8, 2024.** We also ask that you sign the attached tolling agreement extending the tolling period that began March 8, 2024, as soon as possible.

Should you have any questions, please feel free to contact our office.

Sincerely,

/s/ Rick Sawyer
Sandra S. Park, Chief
Rick Sawyer, Section Chief
Civil Rights Bureau
Tyler Nims, Chief
Law Enforcement Misconduct Investigative Office
State of New York
Office of the Attorney General
Richard.sawyer@ag.ny.gov | (212) 416-6182

## APPENDIX

Please produce all responsive documents, subject to the definitions below, created during the period from January 1, 2024, to the present, unless otherwise indicated:

## DEFINITIONS

1. "All" means "any and all" and "any" means "any and all."

2. "And" and "or" should be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. "Saratoga Springs Police Department" or "SSPD" includes its employees, administrators, officers, agents, and representatives.

4. "Concerning" means relating to, referring to, describing, evidencing, regarding or constituting.

5. "Document" means any written, recorded, printed, imprinted, digitized, or graphic matter, whether an original, a draft, or a copy, whether produced, reproduced, or stored on papers, cards, tapes, belts, computer devices, and each and every tangible thing from which information can be processed or transcribed, such as tape or other electronic data communications. The term includes, but is not limited to, letters, memoranda, notes, instructions, reports, analyses, telegrams, telexes, diaries, calendars, studies, logs, journals, books, notebooks, plans, records, forms, charts, graphs, recordings, photographs (positive prints and negatives), slides, work-sheets, customer checks, credit card charge slips, computation sheets, computer printouts and programs, voice mail, web site and e-mail tapes, discs, microfilm, microfiche, any marginal comments appearing on any document, and copies of documents which are not identical duplications of the originals (e.g., because handwritten or "blind" copy notes appear thereon or are attached thereto).

6. "Employee" means any person carried on the payroll of, or who receives proceeds from, the Saratoga Springs Police Department, either as a salaried or hourly employee, a full-time or part-time employee, a temporary, probationary or permanent employee, employee on commission, or independent contractor.

7. "Including" means without limitation.

8. "Misconduct" refers to any allegation of officer conduct as contrary to law or policy or otherwise deficient or inappropriate that relates to stops and frisks, searches and seizures, arrests and charges, use of force, the failure of officers to intervene to protect civilians from officer misconduct, unlawful home entries, bias, the use of racial or other bias-based epithets, racial profiling, harassment and retaliation, and officer untruthfulness.

9. "Protest" refers to a public demonstration, rally, or gathering of a single person or group of persons expressing a statement or action in support of or objection against anything.

10. "SSPD Personnel" refers to all rank and file officers, civilian employees, and SSPD leadership at all levels including Chief.

11. "Relevant Period" refers to the period between January 1, 2024, and the present.

12. The singular of any word includes the plural; the plural of any word includes the singular.

13. The use of a verb in any tense should be construed as the use of that verb in all other tenses, wherever necessary to bring within the scope of the document request all responses which might otherwise be construed to be outside its scope.

## Document Requests

1. All documents and communications in the possession of SSPD employees, including public statements, emails, text messages, voicemails, and SSPD incident reports, concerning the May 1, 2024 and May 25, 2024 assemblies in Congress Park.

2. All documents and communications in the possession of any employee or officer of the City of Saratoga Springs, including public statements, emails, text messages, or voicemails, concerning the May 1, 2024 and May 25, 2024 assemblies in Congress Park.

3. Copies of every "demonstration declaration," as described by chapter 98 of the Saratoga Springs Code, filed with the City of Saratoga Springs since May 25, 2018, and the City's response.

4. Copies of every permit application, as described by chapter 151 of the Saratoga Springs Code, filed with the City of Saratoga Springs since May 25, 2018, and the City's response.

5. Documents sufficient to identify each and every citation of any individual for violations of chapter 98-1(b) or chapter 151 of the Saratoga Springs Code since May 25, 2018.