UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SARATOGA BLACK LIVES MATTER, INC.;
ALEXUS BROWN;
MOLLY B. DUNN;
GABRIELLE C. ELLIOT;
ALEXIS A. FIGUEREO;
MARCUS FILIEN;
CHANDLER M. HICKENBOTTOM;          **Index No.: 1:24-cv-865**
SAMIRA K. SANGARE;                          **(TJM/CFH)**
TIEMOGO J. SANGARE;

Plaintiffs,

-against-

**THE CITY OF SARATOGA SPRINGS;**
**JOHN F. SAFFORD,** Mayor of the City of Saratoga Springs,
sued in his individual and official capacity;
**MEG KELLY,** former Mayor of the City of Saratoga Springs,
sued in her individual capacity;
**TIM COLL,** Commissioner of Public Safety of the City of
Saratoga Springs, sued in his official capacity;
**ROBIN DALTON,** former Commissioner of Public Safety of
the City of Saratoga Springs, sued in her individual
capacity;
**JAMES MONTAGNINO,** former Commissioner of Public
Safety of the City of Saratoga Springs, sued in his individual
capacity;
**TYLER McINTOSH,** Chief of Police of the City of Saratoga
Springs, sued in his individual and official capacity;
**SHANE L. CROOKS,** former Chief of Police of the City of
Saratoga Springs, sued in his individual capacity;
**JOHN T. CATONE,** former Assistant Chief of Police of the
City of Saratoga Springs, sued in his individual
capacity;
**ROBERT JILLSON,** Lieutenant in the City of Saratoga
Springs Police Department, sued in his individual and official
capacity;
**TIMOTHY SICKO,** Sergeant in the City of Saratoga Springs
Police Department, sued in his individual and official capacity,
**ANDREW STREIM,** Sergeant in the City of Saratoga
Springs Police Department, sued in his individual and official
capacity;

**PAUL VEITCH**, Sergeant in the City of Saratoga Police Department, sued in his individual and official capacity;

**MEGAN DAVENPORT,** Investigator in the City of Saratoga Springs Police Department, sued in her individual and official capacity;

**JOHN GUZEK**, Investigator in the City of Saratoga Springs Police Department, sued in his individual and official capacity;

**MATTHEW MILLER**, Investigator in the City of Saratoga Springs Police Department, sued in his individual and official capacity;

**STEVEN RESIDE**, Investigator in the City of Saratoga Springs Police Department, sued in his individual and official capacity;

**GLENN A. BARRETT,** police officer in the City of Saratoga Springs Police Department, sued in his individual and official capacity;

**WILLIAM COYNER**, police officer in the City of Saratoga Springs Police Department, sued in his individual and official capacity;

**YEVGENIY KHUTORYANSKIY,** police officer in the City of Saratoga Springs Police Department, sued in his individual and official capacity; and

**"JOHN DOES" 1 -100,** whose identities and the precise numbers of which are not known by plaintiffs, but who are intended to represent City of Saratoga Springs police officers or officials who either directly participated in violating the constitutional rights of one or more of the plaintiffs herein during the period of July 14, 2021 to the present, as described herein and/or who failed to intervene to stop or prevent the violation of the rights of one or more of the plaintiffs during this period, and who are sued in their individual and official capacities,

Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Dated: May 5, 2025

BURKE, SCOLAMIERO & HURD, LLP

By: _____

JUDITH B. AUMAND, ESQ.
*Attorneys for Defendant Tim Coll*
7 Washington Square
P.O. Box 15085
Albany, New York 12212-5085
Telephone (518) 862-1386
Our File No. 103.311

TO:    All Parties via PACER

## TABLE OF CONTENTS

Table of Authorities ................................................................................................i

Preliminary Statement.............................................................................................1

Statement of Facts...................................................................................................2

Standard of Review..................................................................................................5

Argument .................................................................................................................7

   Point I  **The First Amended Complaint Should Be Dismissed
   as to Defendant Coll Because The First Amended Complaint
   Fails to State a Cause of Action Against Him.**..........................................7

   A.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish a violation of his First Amendment rights
       as against defendant Coll.........................................................7

   B.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish unlawful seizure, false and unlawful arrests,
       and malicious prosecution as against defendant Coll............................1

   C.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish a violation of his right of equal protection
       as by defendant Coll. ..........................................................12

   D.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish a conspiracy to deprive him of equal protection
       as by defendant Coll. ..........................................................13

   E.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish interference with family relationships
       as by defendant Coll. ..........................................................14

   F.  Plaintiff Figuereo has failed to set forth sufficient facts
       to establish a deprivation of property without due process
       as by defendant Coll. ..........................................................14

   Point II  **The First Amended Complaint Should Be Dismissed as to Defendant Coll
   As He is Entitled to Qualified Immunity.**.................................................15

   Point III  **The Court Should Dismiss the Claims of Punitive Damages**...............16

Conclusion .............................................................................................................17

## **TABLE OF AUTHORITIES**

Caselaw:

*Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012)......................................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ..........................................................................5, 6

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) ...........................................................6

*Burg v. Gosselin*, 591 F.3d 95 (2d Cir. 2010) ....................................................................11

*Chambers v. Time Warner Inc.*, 282 F.3d 147 (2d Cir. 2002) ...............................................6

*Colombo v. O'Connell*, 310 F.3d 115 (2d Cir. 2002). .......................................................8

*Corbett v. Dwyer*, 345 F. Supp. 2d 237 (N.D.N.Y. 2004) ..................................................11

*Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001)......................................................8

*Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010). .....................................................9

*Erickson v. Pardus*, 551 U.S. 89 (2007) .........................................................................5-6

*Genco Importing, Inc. v. City of New York*, 552 F. Supp. 2d 371 (S.D.N.Y. 2008)......9, 10

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir. 2008)..................................................................6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ......................................................................15

*Hu v. City of New York*, 927 F.3d 81 (2d Cir. 2019). ........................................................13

*Hulett v. City of Syracuse*, 253 F. Supp. 3d 462 (N.D.N.Y. 2017) .....................................11

*Jaegly v. Couch*, 439 F.3d 149 (2d Cir. 2006)...................................................................11

*Looney v. Black*, 702 F3d (2d Cir 2012)............................................................................15

*Malley v. Briggs*, 475 U.S. 335 (1986) .............................................................................15

*McDaniel v. Mertens*, 2022 U.S. Dist. LEXIS 21691 (N.D.N.Y. 2022). ..................12-13

*Merritt v. Dunlap*, 2005 WL 3601645 (N.D.N.Y. 2005). ..................................................12

*Newman v. SUNY Broome Community College*, 2021 U.S. Dist. LEXIS 126037
(N.D.N.Y. 2021). ..............................................................................................................12

*Papineau v. Parmley*, 465 F.3d 46 (2d Cr. 2006) ...............................................................7

*Picciano v. McLoughlin*, 723 F. Supp. 2d 491 (N.D.N.Y. 2010). ....................................16

*Ruston v. Town Board for Town of Skaneateles*, 610 F.3d 55 (2d Cir. 2010) ....................6

*Tierney v. Davidson*, 133 F3d 189 (2d Cir. 1998) ...........................................................15

Statutes, Regulations, Ordinances, Codes:

Saratoga Springs City Ordinance 98-1B ...........................................................................3, 4

Saratoga Springs City Ordinance 98-5 ................................................................................8

Saratoga Springs City Ordinance 98-12 ..............................................................................4

Saratoga Springs City Ordinance 151-1A ............................................................................5

Saratoga Springs City Ordinance 151-3 ............................................................................10

Saratoga Springs City Ordinance 151-5A .......................................................................3, 4

18 U.S.C. §241 ...................................................................................................................13

42 U.S.C.A. § 1985(3). ......................................................................................................14

## PRELIMINARY STATEMENT

Defendant Tim Coll, Commissioner of Public Safety of the City of Saratoga Springs, sued in his official capacity, submits this Memorandum of Law in support of his motion pursuant to FRCP 12(b)(6) to dismiss the plaintiffs' First Amended Complaint as against him and granting such other and further relief as the Court may deem just and proper. It is respectfully submitted that the First Amended Complaint is insufficient to sustain plaintiffs' claims of violations of their constitutional rights as against defendant Coll.

Plaintiffs bring this action against defendants including Tim Coll, Commissioner of Public Safety of the City of Saratoga Springs in his official capacity, asserting six causes of action (violation of First Amendment rights; unlawful seizures, false and unlawful arrests, and malicious prosecutions; equal protection; conspiracy; interference with family relationships; and deprivation of property without due process). (Dkt. 54, paragraphs 553-"482").

The First Amended Complaint often asserts allegations against the 21 defendants collectively. However, it is clear that the only real allegations against defendant Coll pertain to his alleged involvement in charges being filed against plaintiff Figuereo in May 2024. (Dkt 54, paragraphs 17, 22, 528, 529, 530, 531, 534). Further, though the First Amended Complaint also asserts ongoing wrongdoing by all defendants from July 14, 2021 to present, it is clear that defendant Coll did not take office until January 1, 2024 and therefore cannot bear liability prior to that date. (Dkt. 54, paragraphs 1, 54). Even as to the alleged involvement of defendant Coll, at most he is alleged to have been part of the decision making to have charges issued against plaintiff Figuereo based on violations

of the City's Code and plaintiffs conceded the factual basis for those charges. (Dkt. 54, paragraphs 17, 22, 498, 522, 528, 529, 530, 531, 534).

For the reasons more fully set forth below, it is respectfully submitted that the allegations of the First Amended Complaint are insufficient as to defendant Coll and the action should be dismissed as to him.

## STATEMENT OF FACTS

Plaintiffs bring this action alleging that their constitutional rights have been violated by the "defendants" beginning on July 14, 2021 and continuing through to the present. (Dkt. 1, paragraph 1). Following initial motion practice, plaintiffs have filed a First Amended Complaint which makes the same allegations against defendant Coll as the initial Complaint. (Dkt. 54). The named plaintiffs in this matter are Saratoga Black Lives Matter, Inc., Alexus Brown, Molly B. Dunn, Gabrielle C. Elliott, Alexis A. Figuereo, Marcus Filien, Chandler M. Hickenbottom, Samira K. Sangare, and Tiemogo J. Sangare. Not all of these individual plaintiffs are African-American. (Dkt. 54, paragraph 20). As it pertains to defendant Coll, plaintiffs correctly allege that he did not take office as the Commissioner of Public Safety of the City of Saratoga Springs until January 1, 2024. (Dkt. 54, paragraph 54). It seems that plaintiffs concede that defendant Coll had no involvement in any of the alleged wrongdoing until that time. (Dkt. 54, paragraph 87). The first allegation of wrongdoing against defendant Coll appears at paragraph 17 wherein it is alleged that there are pending charges against plaintiff Alexis A. Figuereo filed by or at the instigation or direction of defendants including defendant Coll. (Dkt. 54, paragraph 17). From the allegations of paragraph 22, it appears that those charges were "'organizing' 'parades' or 'demonstration' on two occasions in May 2024 without

advance filing of 'demonstration declarations' or 'Parade" permits". (Dkt 54, paragraph 22).

Additionally, plaintiffs only allege wrongdoing by defendant Coll as it pertains to plaintiff Figuereo. (Dkt. 54, paragraphs 17, 22, 528, 529, 530, 531, 534). As to his actions, it is only alleged that defendant Coll made decisions in concert with defendant City of Saratoga Springs, Mayor John F. Safford, and Police Chief McIntosh to charge plaintiff Figuereo with violations of City Code provisions. (Id.). There is no other allegation of specific wrongdoing or personal involvement of defendant Coll as against plaintiff Figuereo or any other named plaintiff. Mr. Figuereo is alleged to be African American and a member and leader of Saratoga BLM. (Dkt. 54, paragraph 45). Saratoga Black Lives Matter, Inc. is alleged to be a not-for-profit corporation. (Dkt. 54, paragraph 36).

As to specific factual allegations, the majority of the Complaint is dedicated to the protests and events prior to January 2024, of which there is correctly no allegation defendant Coll was involved. (Dkt 54, paragraphs 77-482). As it pertains to the events in May 2024, plaintiffs allege that no advanced notice was provided to the City and there was no permission sought from the City to hold a rally. (Dkt. 54, paragraph 498). It is alleged that on May 20, 2024 defendant City acting through defendant Streim prepared two accusatory instruments related to a May 1, 2024 rally charging plaintiff Figuereo with violation Saratoga Spring City Ordinance 98-1B ("no one can 'hold or cause to be held any demonstration without first filing a declaration...' with the City in advance") and Saratoga Springs City Ordinance 151-5A (which provides "applications for 'parades'

should be filed with the Commissioner of Accounts."). (Dkt. 54, paragraph 515). No other plaintiff is alleged to have been charged relative to the May 1, 2024 rally.

Saratoga Springs City Ordinance, Chapter 98 Demonstrations, Article I General Provisions, 98-1B sets forth:

> No person, corporation, partnership or other entity shall hold or cause to be held any demonstration without first filing a declaration where required by this chapter. Persons holding a permit for a parade, as that term is defined in Chapter **151** of the City Code, shall not be required to file a declaration under this chapter.

"Demonstration" is defined as "a display, by 25 or more persons, in a public place that is intended to attract public attention." 98-1A.

Section 98-12 Penalties for offenses states:

> Any person or other legal entity who violates any of the provisions of this chapter shall be subject to the penalties set forth in Chapter **1**, General Provisions, Article **III**, General Penalty, of this Code. Both the Police Department and Code Administration shall have the authority to enforce the provisions of this chapter and to issue appearance tickets for violations thereof.

As to those penalties, it states:

> Unless otherwise specifically provided in this Code, any person who violates any provision of this Code shall, upon conviction thereof, be subject to a fine not exceeding $250 or imprisonment for a term not exceeding 15 days, or both. Each day that such violation continues shall constitute a separate offense.

Saratoga Springs City Ordinance, Chapter 151 Parades, Article II Permits, 151-5 Application, 151-5A sets forth:

> Applications for such permit shall be made to the Commissioner of Accounts on the forms provided by the Commissioner.

"Parade" is defined as "any procession of any kind in a public place in the City of Saratoga Springs that is intended to attract public attention and that does not comply with normal traffic regulations and control." 151-1A. Penalties for this provision are:

> Any person or other legal entity who violates any of the provisions of this chapter shall be subject to the penalties set forth in Chapter **1**, General Provisions, Article **III**, General Penalty of this Code. Both the Police Department and Code Administration shall have the authority to enforce the provisions of this chapter and to issue appearance tickets for violations thereof.

It is alleged that a press conference and march was then organized and conducted on May 25, 2024. (Dkt. 54, paragraph 520). Plaintiffs allege that no advanced notice was provided to the City and there was no permission sought from the City to hold the press conference and march. (Dkt. 54, paragraph 522). It is alleged that on May 29, 2024, defendant City, acting through defendant Reside cause an accusatory instrument and appearance ticket to be prepared charging plaintiff Figuereo with violation Saratoga Springs City Ordinance 98-1B relating to the May 25, 2024 march. (Dkt. 54, paragraph 523). There is no allegation that these charges against plaintiff Figuereo caused him physical injury. There has not yet been a resolution of those two sets of charges. (Dkt. 54, paragraph 527).

For the reasons set forth below, this Court should grant defendants' motion to dismiss pursuant to FRCP 12(b)(6) and dismiss the entirety of plaintiffs' First Amended Complaint.

## **STANDARD OF REVIEW**

To survive a FRCP 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The pleading of specific facts is not required; rather a

complaint need only give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007). "A pleading that offers 'labels and conclusion' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft, supra*. (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp v. Twombly, supra*. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully". *Ashcroft, supra*.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008); *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); see also *Ruston v. Town Board for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement relief."). However, this point is "inapplicable to legal conclusions". "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra* at 1950; see also *Ruston, supra* ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.").

For the reasons that follow, the First Amended Complaint should be dismissed pursuant to FRCP 12(b)(6).

**ARGUMENT**

**POINT I**

**THE COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT COLL
BECAUSE THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION
AGAINST HIM**

At the outset, it should be noted that the only claim against defendant Coll is by plaintiff Figuereo pertaining to the charges brought against him in May 2024. No other individual plaintiff makes any allegation of wrongdoing against defendant Coll. Should plaintiffs' counsel in response argue that the six causes of action are claimed by all plaintiffs against defendant Coll, then a separate argument will be made the there is a failure to allege personal involvement of defendant Coll in those claimed constitutional deprivations. A further argument will be made as to the lack of standing of Saratoga Black Lives Matter, Inc. Should plaintiffs' counsel in response argue that defendant Coll bears liability for events that pre-date his taking office on January 1, 2024, the same is obviously flawed and a separate argument will be made in reply. For purposes of this motion, it is assumed, based on the allegations of the First Amended Complaint, that the basis for the six causes of action of plaintiff Figuereo against defendant Coll are the charges brought against plaintiff Figuereo in May 2024. As to those allegations, the First Amended Complaint should be dismissed against defendant Coll for failure to state a cause of action.

A.     Plaintiff Figuereo has failed to set forth sufficient facts to establish a violation of his First Amendment rights as against defendant Coll.

The protections of the First Amendment, while broad, are not absolute. *Papineau v. Parmley*, 465 F.3d 46 (2d Cr. 2006). In order to state a retaliation claim, a citizen must

show (1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of the right. *Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001). The plaintiff must show that the defendants' actions had some actual, non-speculative chilling effect on his speech. *Colombo v. O'Connell*, 310 F.3d 115 (2d Cir. 2002).

The factual allegations of the Complaint belie plaintiff's First Amendment claim. First, plaintiff Figuereo has a history of arrests for more substantial criminal charges than those allegedly levied against him at the "instigation" of defendant Coll. Plaintiff Figuereo was arrested on September 7, 2021 pursuant to a disorderly charge arising from the July 14, 2021 protest and July 2021 City Council meetings. (Dkt. 54, paragraphs 343-351). This had nothing to do with defendant Coll. Per the allegations of the First Amended Complaint, plaintiff Figuereo also spoke during a City Council meeting on April 4, 2023 and again was charged with disorderly conduct. (Dkt. 54, paragraph 453). Once again, this had nothing to do with defendant Coll.

The charges that plaintiff Figuereo alleges defendant Coll was involved with are those pertaining to violations of the Saratoga Springs City Ordinances which carry penalties of a fine not exceeding $250 or imprisonment for no more than 15 days. It can hardly be claimed that a penalty of $250 has any chilling effect of plaintiff Figuereo as he continues to hold and participate in rallies, protests, and marches. Further, there is no fee charged for a demonstration declaration. Saratoga Springs City Ordinance 98-5. There is no statement or allegation that his charges has been resolved; to the contrary, per the Complaint, the charges are pending. (Dkt. 54, paragraph 527). Further, the charges

pertain to administrative issue of providing notice to the City of any planned demonstration or parade. There is nothing in the provisions cited that discusses the restrictions on content. There is nothing to suggest that had plaintiff Figuereo provided said notice, permit would not have been granted. Indeed, that is not even alleged. Simply stated, plaintiff Figuereo should have applied for permits and did not and was charged accordingly. Plaintiff Figuereo cannot have it both ways that he is a leader in the Black Lives Matter organization and that he should not be singled out for failing to obtain permits. The actions of defendant Coll, as alleged, in deciding to levy such charges is not a violation of plaintiff Figuereo's First Amendment rights. As such, this cause of action against defendant Coll should be dismissed.

To the extent that plaintiff Figuereo now claims his First Amendment rights were violated because the two ordinances are "overbroad, vague, and permit effectively unbridled discretion without giving notice of what is illegal", this claim too should fail. It is unclear if plaintiff Figuereo alleges that the two ordinances are vague on their face or as applied so both arguments will be addressed. First, facial challenges are generally disfavored. *Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010). Further, plaintiff Figuereo challenges the ordinances on his own behalf and not on behalf of other parties not before the court. As such, it would appear plaintiff Figuereo's argument is more properly analyzed under the "as applied" standard. "As applied" challenges require any analysis of the case to determine whether the application of the ordinance deprived the individual to whom it was applied of a protected right. *Genco Importing, Inc. v. City of New York*, 552 F. Supp. 2d 371 (S.D.N.Y. 2008).

Here, plaintiff Figuereo went forward with the demonstrations and marches. There is no allegation that he attempted to apply for the permit and was overburdened by the requirements. There is no allegation that he attempted to apply for the permit but was denied for failure to comply with some overly complicated process. There is no allegation that had he applied, he would have been denied based on the content of the anticipated demonstration, rally, march. Plaintiff Figuereo attempts to bootstrap allegations against defendant Montagnino against defendant Coll. There is simply a failure to allege any wrongdoing on the part of defendant Coll.

Further, the ordinances seek to provide protection to the public. The prohibited activities include carrying "noxious material" but also prohibits alcoholic beverages, explosives, fencing material, flammable or combustible liquids or gases, gas masks, injury, interference with emergency services, projectile launchers, and strong acid or base chemicals. Saratoga Springs City Ordinance 151-3. The First Amendment does not guarantee an absolute right "to anyone to express their views …any place, at any time, and in any way they want." *Genco* at 379. "to the contrary, municipalities may enact time, place, and manner restrictions that reasonably limit constitutionally protected expression provided that the restrictions (1) are content-neutral, (2) are narrowly tailored to serve a significant governmental interest, and (3) leave open ample alternative channels for communication." *Id*. These ordinances do just that and plaintiff Figuereo simply failed to adhere to the requirements.

B.    Plaintiff Figuereo has failed to set forth sufficient facts to establish unlawful seizure, false and unlawful arrests, and malicious prosecution as against defendant Coll.

To begin, there is no allegation of a "seizure", unlawful or otherwise, of plaintiff Figuereo by defendant Coll.  It is only an allegation of appearance tickets having been served on plaintiff Figuereo.  Non-felony appearance tickets issued for violations of codes are not a "seizure" under the Fourth Amendment. *Burg v. Gosselin*, 591 F.3d 95 (2d Cir. 2010).

To establish a cause of action for false arrest, the plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012); *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017).  Probable cause to arrest constitutes a complete defense to a claim for false arrest. *Corbett v. Dwyer*, 345 F. Supp. 2d 237 (N.D.N.Y. 2004). "An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime'." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).  Probable cause is based on whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest. *Id.*  The inquiry is not necessarily based upon the offense actually invoked by the arresting officer but upon whether the facts known at the time objectively provided probable cause to arrest. *Id.*

Again, the First Amended Complaint belies this claim. It is repeatedly alleged that plaintiff Figuereo did not provide advanced notice or seek permission for any rally, press conference, demonstration, protest, march, or any other public gathering. (Dkt. 54, paragraphs 498, 522). This is clearly in violation of the Saratoga Springs City Ordinance. There is therefore probable cause for defendant Coll to have believed it appropriate to decide to have these charges levied against plaintiff Figuereo.

To establish a claim for malicious prosecution, the plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff' s favor; (3) the lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant' s actions. *Merritt v. Dunlap*, 2005 WL 3601645 (N.D.N.Y. 2005).

This claim is premature. As alleged, the charges against plaintiff Figuereo as "instigated" by defendant Coll are pending. Therefore, the second element cannot be determined at this time. Further, as noted above, there is probable cause for the issuance of appearance tickets on the charges. Plaintiff Figuereo admittedly violated Saratoga Springs City Ordinance provisions and has received charges on those violations.

As such, it is respectfully submitted that the Court should dismiss the second cause of action as against defendant Coll.

C.    <u>Plaintiff Figuereo has failed to set forth sufficient facts to establish a violation of his rights of equal protection as by defendant Coll.</u>

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated individuals alike. *Newman v. SUNY Broome Community College*, 2021 U.S. Dist. LEXIS 126037 (N.D.N.Y. 2021). Plaintiff must

allege that similarly situated persons have been treated differently. *McDaniel v. Mertens*, 2022 U.S. Dist. LEXIS 21691 (N.D.N.Y. 2022).

For a selective enforcement claim in order to "prevail on such a claim, a plaintiff must prove that '(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). Claims based on racial discrimination require proof of both disparate treatment and racial animus. *Id.*

The factual allegations pertaining to the May 2024 charges against plaintiff Figuereo pertain only to the First Amendment claim. (Dkt. 54, paragraphs 529-531, 534). There is no claim that defendant Coll was motivated by racial animus. The allegations of "chilling effect" speak only to the First Amendment claim and not any equal protection claim. The allegations are simply insufficient to substantiate this claim against defendant Coll and this claim against this defendant should be dismissed.

D.    Plaintiff Figuereo has failed to set forth sufficient facts to establish a conspiracy to deprive him of equal protection as by defendant Coll

Under 18 U.S.C. §241 "Conspiracy against [Civil] Rights" Plaintiffs must be able to prove that "two or more persons conspire[d] to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured."

Civil rights conspiracy statute language requiring intent to deprive of equal protection or equal privileges and immunities means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the alleged conspirators' action, and the "conspiracy" must aim at the deprivation of equal enjoyment of rights secured by law to all.  See, 42 U.S.C.A. § 1985(3).

For the reasons set forth in subparagraph C, the allegations are insufficient to substantiate this claim against defendant Coll and this claim against this defendant should be dismissed.

E.    Plaintiff Figuereo has failed to set forth sufficient facts to establish interference with family relationships as by defendant Coll.

The allegations in this claim do not pertain to the charges against plaintiff Figuereo in May 2024 and do not pertain to defendant Coll.  As such to the extent the claim is made against "defendants" in the First Amended Complaint, it should not be interpreted to pertain to defendant Coll.  Should plaintiffs argue otherwise, the allegations of the Complaint are insufficient as against defendant Coll to establish that he interfered with plaintiff Figuereo's family relationships and this claim against defendant Coll should be dismissed.

F.     Plaintiff Figuereo has failed to set forth sufficient facts to establish a deprivation of property without due process as by defendant Coll.

The allegations in this claim pertain to a seizure of plaintiff Figuereo's cell phone on September 7, 2021.  There is no allegation that defendant Coll was involved.  Indeed, plaintiffs concede in their allegations that defendant Coll did not take office until January 1, 2024.  To the extent that this claim is made against "defendants" in the Complaint, it should not be interpreted to pertain to defendant Coll.  Should plaintiffs argue otherwise,

the allegations of the First Amended Complaint are insufficient as against defendant Coll to establish that he deprived plaintiff Figuereo of property without due process and this claim against defendant Coll should be dismissed.

**POINT II**

**THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT COLL AS HE IS ENITLED TO QUALIFIED IMMUNITY**

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law". *Malley v. Briggs*, 475 U.S. 335 (1986). A qualified immunity defense is established where "(a) the defendants' action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Tierney v. Davidson*, 133 F3d 189 (2d Cir. 1998). Government officials performing "discretionary function generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Looney v. Black*, 702 F3d (2d Cir 2012).

The only allegation against defendant Coll is that he was involved in a decision to bring charges against plaintiff Figuereo for violating provisions of the Saratoga Springs City Ordinance. By the allegations of the First Amended Complaint, plaintiff Figuereo admitted to having violated these provisions. Further, the ordinances as applied are not overbroad or vague for reasons detailed above. As such, defendant Coll should be

granted qualified immunity as it was objectively reasonable to believe that it was lawful to issue appearance tickets against someone who admittedly violated the law.

## POINT III

### THE COURT SHOULD DISMISS THE CLAIMS OF PUNITIVE DAMAGES

"Punitive damages may be awarded when the plaintiff has shown that defendant's conduct was 'motivated by evil motive or intent, or when it involves callous indifference to federally protected rights of others.' " *Picciano v. McLoughlin*, 723 F. Supp. 2d 491, 506 (N.D.N.Y. 2010).

Plaintiffs have failed to provide any basis whatsoever to justify an award of punitive damages against defendant Coll. Even if plaintiffs have set forth viable causes of actions, the pleadings against defendant Coll do not justify an award of punitive damages. There is no allegation that defendant Coll was motivated by evil or ill intent. Respectfully, should the Court find plaintiffs have sufficiently plead causes of action against defendant Coll, the Court should nonetheless dismiss the claim for punitive damages as there is no basis for the same.

## CONCLUSION

**WHEREFORE** in light of the foregoing, defendant Coll respectfully requests

that the Court grant defendant Coll's motion in its entirety and dismiss the First Amended

Complaint, together with such other and further relief as the Court deems just and proper

Dated: May 5, 2025

BURKE, SCOLAMIERO & HURD, LLP

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
     JUDITH B. AUMAND, ESQ.
     Bar Roll Number:  515936
     *Attorneys for Defendant Tim Coll*
     7 Washington Square
     P.O. Box 15085
     Albany, New York 12212-5085
     Telephone Number: (518) 862-1386
     Our File Number:  103.311